UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SALEM FAUD ALJABRI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:10-CV-192-BL |
| JAMIE TREVINO, | § | ECF |
| *et al.*, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Saled Faud Aljabri, federal inmate # 18918-424, proceeding *pro se* and *in forma pauperis*, filed his complaint for damages on August 16, 2010 (Doc. 1). This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). By order dated September 7, 2010 (Doc. 8), this case was transferred to the docket of the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

Plaintiff refused his consent to proceed before the United States Magistrate Judge under 28 U.S.C. § 636(c) on September 22, 2010 (Doc. 10). On September 22, 2010, the court set an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915 (Doc. 11). The court was informed that Plaintiff had been transferred to another institution and vacated the evidentiary hearing. An order to show cause was entered. Plaintiff responded to the order to show cause, which was quashed. The court entered an order to complete questionnaire on January 5, 2010 (Doc. 19). Plaintiff filed his response on January 20, 2010 (Doc. 20).

Plaintiff, who is now confined to FCI Big Spring in Big Spring, Texas, alleges that Defendants subjected him to cruel and unusual punishment in the form of harsh living conditions, subjected him to deliberate indifference to his serious medical needs, deprived him of equal protection of the law, and subjected him to negligence and breach of contract.

The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States District Judge as herein provided.

## I. FACTUAL BACKGROUND

In his complaint, as further supplemented by his response to the questionnaire, Plaintiff claims that:

1. FCI Big Springs is a federal prison which is operated by Cornell Companies, Inc. ("Cornell"), a private corporation, and each of the Defendants are employees of Cornell. Plaintiff was confined to FCI Big Spring at all times relevant to the claims in his complaint.

2. When Plaintiff began serving his sentence, he had to pay $8.34 per month pursuant to the court's order under the Inmate Financial Responsibility Program ("IFRP")[1].

3. Plaintiff made timely payments for nearly two years.

4. Sometime after two years, his payment amount was increased to $10 per month.

5. Plaintiff paid the increased amount until his resources became insufficient to meet the obligation.

6. After Plaintiff was no longer able to make the payments, he informed Shepard and Trevino about his financial situation and requested that he be given a prison work assignment.

7. Thereafter, Plaintiff applied for various positions within most of the prison's

---

[1] *See* Bureau of Prisons Program Statement 5380.08

departments. All of the departments were already fully staffed.

8. Plaintiff again spoke to Trevino and Shepard and asked that they help him secure a work assignment or, in the alternative, they place his IFRP payment in exempt status. They did neither and informed plaintiff that he still had an obligation to make his payments.

9. Because Plaintiff did not timely resume making his IFRP payments, he was quartered in the lowest housing status, that is, he was moved to a corner cell with a cloth cot.

10. While housed in the corner cell, Plaintiff was exposed to cold temperatures, which required him to wear his sweat suit and winter coat to stay warm, and his back was injured as a result of sleeping on the cloth cot.

11. Plaintiff sought medical treatment for his back pain. The medical personnel prescribed pain medication and issued an instruction that he be moved off of the cloth cot; Plaintiff was not immediately moved off the cot.

## II. JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be

used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

### III. ANALYSIS

A. **Federal Law Claims**

1. *Bivens* Claims

Under *Bivens*, an implied cause of action for damages exists against federal agents for deprivation of certain constitutional rights. *Garcia v. United States*, 666 F.2d 960, 961 (5th Cir. 1982). Plaintiff asserts *Bivens* claims against the individual Defendants and Cornell for violations of his Eighth Amendment rights. Specifically, he alleges that Trevino and Shepard were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment when they put him in a cold cell with only a cloth cot and his clothes.

The Supreme Court has held that no implied damages action exists under *Bivens* against private corporations housing federal prisoners under contract with the Federal Bureau of Prisons ("FBOP"). *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). Thus, Plaintiff's *Bivens* claims against Cornell, which is such a corporation, should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

The Court in *Malesko*, however, did not address whether employees of private companies could be subject to a damages action under *Bivens*. *Id.* at 65. The Court of Appeals for the Fifth Circuit also has not addressed this issue.

However, the Court of Appeals for the Fourth Circuit in *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006), *cert. denied*, 547 U.S. 1168 (2006), has held that no implied *Bivens* action exists against

employees of a private corporation operating a federal prison. The Fourth Circuit found that the actions of employees of a private company operating a federal prison are not fairly attributable to the federal government. *Id*. at 291-94; *but see*, *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588-593 (9th Cir. 2010), *cert. granted*, 131 S.Ct. 2449 (2011) (disagreeing with *Holly* and finding that employees of private corporation operating federal prison act under color of federal law for purposes of *Bivens* liability).

Further, the Court in *Malesko* noted that *Bivens* has been extended only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy . . . ." *Malesko*, 534 U.S. at 70. Applying *Malesko*, the Fourth Circuit in *Holly* noted that the plaintiff possessed an adequate state law remedy, and declined to extend *Bivens* on the basis that the existence of this alternative remedy foreclosed creation of a *Bivens* action. *Holly*, 434 F.3d at 295-297; *see also Malesko*, 534 U.S. at 72-73 ("[F]ederal prisoners in private facilities enjoy a parallel tort remedy that is unavailable to prisoners housed in Government facilities.").

This reasoning is consistent with the Supreme Court's most recent statements concerning the extension of *Bivens* claims. *Wilkie v. Robbins*, 551 U.S. 537 (2007) ("We have seen no case for extending *Bivens* to claims against . . . private prisons.") (citations omitted). A similar conclusion was reached by the Court of Appeals for the Eleventh Circuit in *Alba v. Montford*, 517 F.3d 1249, 1254-56 (11th Cir. 2008) (affirming dismissal of *Bivens* claim against employees of private company operating federal prison because plaintiff had alternative state law remedy); b*ut see*, *Pollard*, 607 F.3d at 593-603 (disagreeing with the Fourth and Eleventh Circuits, and finding that availability of state law remedies, alone, does not preclude action under *Bivens* ).

The court agrees with the analysis set forth at length in both *Holly* and *Alba*, and the same result is applicable in this case. The actions of the individual Defendants are not fairly attributable to the federal government, and are therefore not subject to a *Bivens* action. Further, Plaintiff has available state court causes of action against those Defendants for negligence with respect to the deliberate indifference to medical care claim.[2] In light of Plaintiff's ability to seek relief in the state courts, there is no need to "create" a *Bivens* action to provide a remedy. *Holly*, 434 F.3d at 295-297; *Alba*, 517 F.3d at 1254-56. Consequently, Plaintiff's *Bivens* claims against Trevino, Shepard, and Killinger, with respect to the deliberate indifference claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Insofar as private employee *Bivens* liability is an unsettled question in this circuit, and both *Holly* and *Alba* seem to require the availability of adequate alternative state law remedies, the court chooses to substantively address Plaintiff's cruel and unusual punishment and equal protection claims because it is not clear whether Texas law provides such a remedy for those violations.

"The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (internal citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials

---

[2] A state negligence claim might prove to be desirable to Plaintiff, given that proving such a claim is less strenuous than proving a deliberate indifference claim under the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that unsuccessful medical treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to serious medical needs).

in the treatment received by and facilities available to prisoners. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). However, the Eighth Amendment does not afford protection against mere discomfort or inconvenience. *Id*. Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). To meet the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*. Under a "totality of conditions test," conditions of confinement must not impose the wanton and unnecessary infliction of pain. *Austin v. Johnson*, 328 F.3d 204, 209 (5th Cir. 2003) (citing *Howard v. King*, 707 F.2d 215, 218 (5th Cir. 1983)).

The Fifth Circuit has recognized that prisoners have a right to protection from extreme cold. *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999). In *Palmer*, prisoners were left outdoors overnight in strong cold winds without jackets or blankets, and without any means to dispose of their bodily waste. *Id*. at 352. The Court found that the totality of Plaintiff's allegations were sufficient to state an Eighth Amendment conditions-of-confinement claim. In *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1998), the Court similarly found that the inmate plaintiff stated an Eighth Amendment claim sufficient to overcome summary dismissal where the inmate was confined to a cell with broken windows throughout the winter months in sub-freezing temperatures and was not given a blanket or coat during this period.

In this case, Plaintiff claims that the temperature in his corner cell was generally cold at night; he makes no allegation that the temperature of the cell was sub-arctic or otherwise extreme. He does not allege that a cell window was broken or that he was otherwise exposed to outside elements. He also does not allege that he did not receive a blanket – although he does claim that he did not receive

"adequ[at]e cover." Further, unlike the prisoners in both *Palmer* and *Becky*, Plaintiff was provided with multiple sets of sweat suits, thermals, socks, and a winter jacket. There is no static test to determine whether conditions of confinement are cruel and unusual, but punishment rises to the level of an Eighth Amendment violation only if it involves an "unnecessary and wanton infliction of pain." *Talib*, 138 F.3d at 214. While cold conditions can be sufficient to state an Eighth Amendment claim, particularly when considering the totality of the circumstances, the length of confinement, and other relevant factors, Plaintiff's allegations in this case, accepted as true, fail to demonstrate that his confinement constituted the sort of "extreme deprivation" that is required to make out a conditions-of-confinement claim, nor do his allegations, accepted as true, demonstrate that his confinement to the Big Spring facility constituted the wanton and unnecessary infliction of pain. *Austin*, 328 F.3d at 209.

Moreover, to the extent that Plaintiff claims that sleeping on a cloth cot is a cruel and unusual punishment, Fifth Circuit precedent precludes such a finding. *See Novak v. Beto*, 453 F.2d 661 (5th Cir. 1971) (holding that inmate furnished with a steel bunk with no mattress, sheets, or pillows was not subjected to cruel and unusual punishment).

Having carefully considered Plaintiff's allegations, the court finds that his claim of cruel and unusual punishment lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff also claims that he was denied equal protection of the law. To state an equal protection claim, the Plaintiff must allege, *inter alia*, that similarly situated individuals have been treated differently. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). The inquiry focuses on whether the plaintiff is similarly situated to another group for purposes of the challenged

government action. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (citing *Klinger v. Dep't of Corrections*, 31 F.3d 727 (8th Cir. 1994)). A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. *Propes v. Mays*, 169 F. App'x 183 (5th Cir. 2006) (citing *Pedraza v. Meyer*, 919 F.2d 317, 318 n. 1 (5th Cir. 1990). Plaintiff alleges that inmates confined to prisons operated by private corporations are denied work assignments, while similarly situated prisoners in "BOP operated prisons" are given job assignments. But Plaintiff's complaint does not support his contention. Plaintiff clearly articulates that many inmates in the Big Spring facility have work assignments and he was not able to get one because all the positions were already filled. Consequently, Plaintiff's claim merely amounts to an inconsistent outcome in an individual instance, which furnishes no basis for relief on an equal protection claim. *See Cotton v. Booker*, 166 F.3d 341 (5th Cir. 1998) (citing *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir.1993) (absent any allegation of improper motive, in the sense of being treated differently because of some personal or class characteristic such as race or religion, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief on an equal protection claim)).

Having carefully considered Plaintiff's allegations, the court finds that his equal protection claim lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

2. <u>42 U.S.C. § 1985(3)</u>

Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971). Plaintiff has not sufficiently alleged that any of the defendants conspired

or otherwise agreed to deprive him of his rights. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (explaining that an "agreement among the parties" is a necessary element of a § 1985(3) claim). Plaintiff claims that Trevino and Shepard conspired with each other to punish him and place him on IFRP refusal status – based on his race – with no specific reference to an agreement entered into between the Defendants. Such conclusory and unsubstantiated allegations are grounds for dismissal. *See Hamilton v. Serv. King Auto Repairs*, No. 10-10879, 2011 WL 3569006, at *1 (5th Cir. Aug. 15, 2011) (affirming dismissal of unsubstantiated and conclusory claims of racial discrimination made pursuant to 42 U.S.C. §§ 1981–82 and 1985–86) (citing *Pedraza v. Meyer*, 919 F.2d 317, 318 n. 1 (5th Cir.1990). Accordingly, Plaintiff's Section 1985(3) claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

  **B.**  **State Law Claims**

Plaintiff's remaining claims are Texas state law claims of negligence and breach of contract. The court retains jurisdiction to consider these claims because Plaintiff properly asserted diversity jurisdiction in his complaint.

  1.  <u>Negligence</u>

A cause of action for negligence in Texas requires three elements. There must be a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc., v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Plaintiff claims that the Defendants breached duties imposed upon them by various federal regulations and BOP program statements. However, each of the named regulations and program statements that Plaintiff references are specifically made applicable to the Bureau of Prisons and not to a private corporation and its

employees. Plaintiff has not articulated how these BOP regulations impose duties upon non-BOP entities and employees.[3] Consequently, all of Plaintiff's negligence claims should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to amend his complaint to clarify how such regulations impose a duty under Texas law.

    2.    <u>Breach of Contract</u>

Under Texas law, a plaintiff alleging a breach of contract must establish (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004) (citing *Runge v. Raytheon E-Systems, Inc.*, 57 S.W.3d 562, 565 (Tex.App.-Waco [10th Dist.] 2001)).

A third party may enforce a contract it did not sign when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party. *MCI Telecomms. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). When the contract confers only an indirect, incidental benefit, a third party cannot enforce the contract. *Id.*; *see also Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) (citing RESTATEMENT (SECOND) OF CONTRACTS § 315 (1981); 13 WILLISTON ON CONTRACTS § 37:19, at 124–25 (4th ed. 2000) ("An incidental beneficiary acquires no right either against the promisor or the promisee by virtue of the promise.")). Traditionally, Texas courts have maintained a presumption against third-party beneficiary agreements. *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503–04 (Tex. 1975) ("[W]e

---

[3] It is arguable that such duties could have been imposed upon the Defendants through contract, that is, the contract between the Defendants and the FBOP. However, Plaintiff has not produced the contract.

must begin with the presumption that parties contract for themselves. . . ."); *Standard Accident Ins. Co. v. Knox*, 144 Tex. 296, 184 S.W.2d 612, 615 (1945). Therefore, in the absence of a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party, courts will not confer third-party beneficiary status by implication. *MCI*, 995 S.W.2d at 651.

Here, Plaintiff alleges that the Defendants entered into a contract with the BOP and then breached that contract, which resulted in his harm. Plaintiff has not produced the purported contract and he does not allege that he was a signatory to the contract; thus, all of his breach of contract claims are based on a third party beneficiary theory. Because the presumption in Texas is against third-party agreements, and Plaintiff has not presented any allegations or evidence to overcome that presumption, all of Plaintiff's breach of contract claims should be **DISMISSED WITHOUT PREJUDICE** to his ability to amend his complaint to demonstrate the contracting parties clear intent to directly benefit him.

3. Abuse of Authority

Plaintiff also alleges that Trevino and Shepard abused their authority by moving him into the cell with the cloth cot. Plaintiff does not offer enough information to determine what cause of action he actually intended to bring with respect to this claim. However, it is immaterial because Bureau of Prisons Program Statement 5380.08 (7) provides that inmates who refuse to participate in the IFRP, like Plaintiff, "will be quartered in the lowest housing status." Thus, Plaintiff's abuse of authority claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## IV. CONCLUSION, RECOMMENDATION, AND TRANSFER

It is the recommendation of the Magistrate Judge that Plaintiff's claims should be disposed of as follows:

1. All *Bivens* claims against Cornell should be **DISMISSED WITH PREJUDICE** because private corporations are not subject to a *Bivens* action.

2. *Bivens* claims against the individual Defendants for violation of the Eight Amendment, specifically Plaintiff's deliberate indifference to serious medical needs claim, should be **DISMISSED WITH PREJUDICE** because none of those Defendants are subject to a *Bivens* action.

3. *Bivens* claims against the individual Defendants for cruel and unusual punishment and denial of equal protection should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

4. The section 42 U.S.C. § 1985(3) claim against Defendants Trevino and Shepard should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

5. All of Plaintiff's negligence claims should be **DISMISSED WITHOUT PREJUDICE** to his ability to amend his complaint **within twenty days** to clarify how such regulations impose a duty under Texas law.

6. All of Plaintiff's breach of contract claims should be **DISMISSED WITHOUT PREJUDICE** to his ability to amend his complaint **within twenty days** to demonstrate the contracting parties clear intent to directly benefit him.

7. Plaintiff's abuse of authority claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed.  *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 14th day of October, 2011.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**